**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ALONZO MILLER,                              )
                                            )
      Petitioner,                         )
                                            )
v.                                          )    Case No.:  2:17-cv-01329-KOB-SGC
                                            )
STATE OF ALABAMA,                           )
                                            )
      Respondent.                         )

**<u>MEMORANDUM OPINION</u>**

On January 3, 2018, the magistrate judge entered a report recommending the claims in this petition for writ of habeas corpus filed on behalf of Alonzo Miller pursuant to 28 U.S.C. § 2254, be denied as time-barred. (Doc. 6).  On January 15, 2018, counsel for Petitioner filed objections to the magistrate judge's report and recommendation. (Doc. 7).  Petitioner objects on two grounds: (1) the magistrate judge disregarded the legal standards used to determine whether Petitioner's claims are untimely; and (2) the magistrate judge erred in recommending denial of a certificate of appealability. (*Id.*).  Petitioner's objections are addressed in turn.

As to timeliness, Petitioner contends the magistrate judge erred in refusing to apply equitable tolling.  As in Petitioner's response to the magistrate judge's order to show cause regarding the facially apparent tardiness of his claims, the objections argue Petitioner is entitled to equitable tolling because of (1) limited access to legal materials; (2) lack of funds; and (3) the difficulty associated with litigating from prison. (Doc. 7 at 2).  Petitioner generally contends that, under these conditions, "he pursued his claim with as much diligence as he could." (*Id.*).

As with the response to the magistrate judge's order to show cause, Petitioner's objections regarding equitable tolling are wholly based on vague and conclusory allegations.  *See Hutchinson*

*v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012) ("allegations supporting equitable tolling must be specific and non-conclusory"). The court agrees with the magistrate judge's analysis. To the extent Petitioner relies on limited access to legal materials, he has not alleged that he did not have access to the prison law library. *See Akins v. United States,* 204 F.3d 1086, 1089 (11th Cir. 2000). To the extent Petitioner relies on his lack of funds, he does not describe how this prevented him from filing a timely petition. (*See* Doc. 6 at 6) (noting that "federal habeas petitioners unable to afford the applicable $5.00 filing fee may move for leave to proceed *in forma pauperis*."). Finally, Petitioner's general reliance on unspecified difficulties associated with litigating from prison does not constitute an extraordinary circumstance justifying equitable tolling. (*See* Doc. 6 at 6-7) ("following Petitioner's logic, every *pro se* prisoner would be entitled to equitable tolling, running afoul of the Eleventh Circuit's holding that such tolling 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.' *Lawrence*, 421 F.3d at 1226").

Likewise the objections do not specify any act of diligence Petitioner performed in attempting to file a petition. Instead, as in briefing presented to the magistrate judge, Petitioner merely alleges "he pursued his claim with as much diligence as he could." (Doc. 7 at 2; *see* Doc. 5 at 2). This conclusory statement is insufficient to establish diligence for purposes of equitable tolling. *See Diaz,* 362 F.3d at 702 n.7. For the foregoing reasons, the magistrate judge correctly concluded Petitioner is not entitled to equitable tolling. Without the benefit of equitable tolling, Petitioner's claims are time-barred.

Having concluded Petitioner's claims are untimely, his objections concerning the denial of a certificate of appealability fail as well. Reasonable jurists would not disagree that Petitioner's claims are time-barred. *See Barber v. Holt*, No. 16-1942, 2016 WL 6246733 at *2 (N.D. Ga. Oct.

26, 2016) (denying certificate of appealability "because Petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred").  In any event, Petitioner may seek a certificate of appealability from the Eleventh Circuit.

After careful consideration of the record in this case, including the magistrate judge's report and Petitioner's objections thereto, Petitioner's objections are **OVERRULED**.  The court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations.  In accordance with the recommendation, the court finds Petitioners claims are due to be dismissed as time-barred.  A certificate of appealability is due to be denied.

The court will enter a separate Final Order.

DONE and ORDERED this 28th day of February, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE